IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CHERYL LOUISE MARCHESE,**

    Petitioner,

v().                                    Case No. 3:18cv544-MCR/CAS

**FLORIDA STATE HOSPITAL,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On or about March 27, 2018, Cheryl Louise Marchese filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On August 1, 2018, Respondent filed a motion to dismiss the petition. ECF No. 7. Respondent also filed exhibits. ECF No. 6. Petitioner Marchese has not filed a reply, although given the opportunity to do so. *See* ECF No. 5.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings before the Court show the petition should be dismissed. *See*

Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

On April 28, 2015, the State of Florida filed an information in the First Judicial Circuit, Escambia County, charging Petitioner Marchese with three counts in case number 1715-CF-1632A in connection with events that took place on or about April 10, 2015:  one count of lewd or lascivious exhibition in the presence of a victim less than sixteen (16) years old, in violation of sections 800.04(7)(a) and (b), Florida Statutes; and two counts of exposure of sexual organs, in violation of section 800.03, Florida Statutes.  ECF No. 6 at 7.  Marchese had been arrested on the date of the offense, April 10, 2015.  *See id*.  On June 5, 2015, the state court entered an order appointing a public defender and finding that probable cause existed to detain Marchese.  ECF No. 6 at 9.

On March 23, 2017, the assistant public defender representing Marchese filed a Motion to Appoint Expert for Competency Evaluation. ECF No. 6 at 11.  In this motion, counsel asserts she has "reasonable grounds to believe that the Defendant is not mentally competent to stand

trial" as Marchese is "unable to assist . . . with planning a defense and is unable to relate" to counsel. *Id.*

On May 5, 2017, the assistant public defender filed a Notice of Incompetency and Motion for Consideration of Appointment of Second Expert." ECF No. 6 at 13. In this filing, counsel asserts he "has reasonable grounds to believe that the Defendant is not mentally competent to stand trial" as Marchese "has been examined by a confidential expert" and counsel has provided the court with a copy of the expert's report. *Id.*

On September 7, 2017, the state circuit court entered an Order Adjudging Defendant Incompetent to Proceed and Commitment to Department of Children and Families. ECF No. 6 at 15-19. In the order, the judge indicates he considered the reports of three experts and found Marchese not competent to proceed "due to his inability to remain focused, mood instability and symptoms of psychosis," as defined in section 916.106(11), Florida Statutes. *Id.* at 15, 16. The court found Marchese "meets the criteria for involuntary hospitalization in the forensic unit at Florida State Hospital." *Id.* at 15; *see id.* at 16-17. The court further found Marchese "can attain competency to proceed in the foreseeable future" and "[d]uration of treatment is estimated at three (3) to six (6) months." *Id.* at 15-16. The court stayed the felony criminal proceedings and committed

Marchese to the Department of Children and Families as provided in section 916.13(1), Florida Statutes. *Id*. at 17.

On or about October 25, 2017, Marchese filed, in the state court, a petition for writ of habeas corpus and affidavit of indigency. ECF No. 6 at 21-69. By order rendered March 8, 2018, the state circuit court dismissed the habeas petition as facially insufficient. ECF No. 6 at 71-72. The court explained:

> The instant petition does not show probable cause to believe the Defendant is being detained without lawful authority. Rather, the Court adjudicated the Defendant incompetent to proceed based on the written reports of the experts appointed to evaluate the Defendant.

*Id*. at 72. Marchese evidently did not seek review of this order. *See* ECF No. 1 at 10; ECF No. 7 at 3.

The case in the state criminal court appears to remain ongoing. In particular, Respondent has attached an Arraignment/Hearing sheet reflecting that a competency hearing was scheduled for August 10, 2018. ECF No. 6 at 87.

As indicated above, Marchese filed this § 2254 petition on or about March 27, 2018. ECF No. 1. In the petition, Marchese raises four grounds: (1) "April 10, 2015 . . . 'Arrest' was done 'out-of-jurisdiction,'" *id*. at 9; (2) "False Arrest, April 10, 2015" where "arresting officer did not mention the

'probable cause' for the arrest . . . [and had] no warrant to search," id. at 11; and (3) "Arrested '3' times at same location," id. at 13; (4) "Ordered into State Hospital" having been "charged with being incompetent, without explanation," id. at 15.

Respondent has filed a motion to dismiss, ECF No. 7, and exhibits, ECF No. 6. Marchese has not filed a reply, although given the opportunity to do so. See ECF No. 5.

## Analysis

Habeas relief pursuant to § 2254 may be granted only if remedies have been exhausted. See 28 U.S.C. § 2254(b). A habeas petitioner has not exhausted remedies if he still has the right to raise the issue in state court. See id.; O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999). To properly exhaust state remedies, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Boerckel, 526 U.S. at 845. In this case, as Respondent asserts, Marchese has not exhausted state remedies because Marchese did not seek appellate review of the state trial court orders. See ECF No. 7 at 6. Moreover, as Respondent also points out, the state court proceedings are

ongoing and Marchese has the opportunity to pursue a remedy in those proceedings. *See id*. at 6-7.

Indeed, pursuant to the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971), federal courts will not interfere with pending state criminal proceeds absent the existence of very narrow circumstances. "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the 'Younger abstention hurdles' before the federal courts can grant such relief." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004). In Younger, the U.S. Supreme Court held, based on principles of comity, equity, and federalism, that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger); *see* Hughes, 377 F.3d at 1263-64. Federal courts consistently abstain from enjoining state criminal prosecutions unless one of the following limited exceptions applies: (1) evidence indicates the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) no adequate alternative state forum exists in which to raise the constitutional issues. Younger, 401 U.S. at 45–49, 53-54; Hughes, 377 F.3d at 1263 n.6.

No Younger exception applies here.  Marchese does not make a "substantial allegation" showing the state prosecution is motivated by bad faith, nor has Marchese alleged sufficient facts to show irreparable injury would occur.  *See* Younger, 401 U.S. at 48 (noting bad faith prosecutions are brought with no intention of securing conviction or with intention to harass), 53-54 (explaining irreparable injury exists if statute under which petitioner is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist warranting equitable relief).  Further, as Respondent indicates, Florida state courts have adequate and effective procedures for reviewing Marchese's claims.  *See, e.g.*, ECF No. 7 at 6-7. Accordingly, this Court should abstain from reaching the merits of Marchese's current claims.  *See, e.g.*, Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992) ("Younger itself held that, absent unusual circumstances, a federal court could not interfere with a pending state criminal prosecution."); Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1315 n. 9 (11th Cir.2005) ("Younger abstention is the doctrine that federal courts should abstain from interfering with ongoing state criminal prosecutions.");

Coley v. Clinton, 635 F.2d 1364, 1371 (8th Cir. 1980) (holding that Younger abstention precludes federal court from considering action for declaratory and injunctive relief challenging "state court proceedings for commitment").

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 7, be **GRANTED** and Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the

final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any arguments as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 7) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 19, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**